UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE SHARP, | ) | CASE NO. CV 11-00404 PA (RZ) |
|         Petitioner, | ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| MICHAEL D. McDONALD, Warden, | ) ) | |
|         Respondent. | ) ) | |

      The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (June 14, 2010).

The current petition was filed on January 13, 2011. (It bears a signature date of November 13, 2010, but the signature date on the accompanying *in forma pauperis* declaration is December 28, 2010.) From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On August 24, 2007 in Los Angeles County Superior Court, Petitioner entered a negotiated plea of guilty to cocaine charges and apparently admitted the existence of prior convictions. He was sentenced to 20 years in prison. Pet. ¶ 2.

(b) Petitioner appealed, but the California Court of Appeal affirmed on June 24, 2008. Pet. ¶ 3. He did not seek further direct review. Pet. ¶ 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after September 22, 2008, after the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) Six months passed. On the 184th day of his AEDPA period, March 26, 2009, Petitioner filed a habeas petition in the trial court. *See* Ex. B to Pet. (reciting, in initial lines of order denying relief, the filing date of the petition). On April 21, 2009, the trial court denied relief. *See id.*; Pet. ¶ 7(a). 182 days remained in Petitioner's limitations period.

(e) 281 days passed – a delay that Petitioner has not explained – before Petitioner filed another habeas petition on January 27, 2010, this time in the California Court of Appeal. *See* Ex. C to Pet.; Pet. ¶ 7(b). Petitioner does not receive "gap tolling" between these two petitions because his delay was greater than

|   |   |   |
|---|---|---|
| 1 | | "30 [to] 60 days" and is unexplained. *See Evans v. Chavis*, 546 U.S. 189, 191-92, 201, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (unexplained delay exceeding the 60-day upper period noted in *Chavis* precludes gap tolling). Accordingly, by the time Petitioner filed this second Petition, *his AEDPA limitations period already had expired*, after October 20, 2009. The California Court of Appeal rejected relief on February 9, 2010. Pet. ¶ 7(b). |

(f)  66 days later, Petitioner presented the same habeas claims to the California Supreme Court, which denied relief on October 27, 2010. *See* Pet. ¶ 7(c).

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. The AEDPA limitations period expired after October 20, 2009, 182 days after the trial court rejected Petitioner's initial state habeas petition. No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

///
///
///
///
///
///

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: January 20, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE